IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>STEVE MCINTOSH, et al.,<br>　　　　Defendants. | Case No. 14-cr-00016-MMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 203 |

Before the Court is defendant Steve McIntosh's "Motion for Leave to File Motion for Reconsideration of Court's Ruling Re: Allocation of Burden to Permit DOJ to Spend Funds to Prosecute Medical Marijuana Dispensary Operators Despite Congressional Spending Ban," filed March 10, 2017.  Having read and considered defendant's motion, the Court rules as follows.

In the indictment, the government alleges defendant, and others, "did knowingly and intentionally conspire to manufacture, possess with intent to distribute and to distribute a controlled substance, to wit: 1,000 or more marijuana plants, all in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)."  (See Indictment at 2:1-4.)  Defendant seeks an injunction to preclude the government from prosecuting him in light of a "rider" in an appropriations bill, see United States v. McIntosh, 833 F.3d 1163, 1169-70 (9th Cir. 2016), which rider prohibits the government from "spending funds from relevant appropriations acts for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws," see id. at

//

1177,[1] and entitles defendants to "evidentiary hearings to determine whether their conduct was completely authorized by state law," i.e., whether they "strictly complied with all relevant conditions imposed by state law on the use, distribution, possession, and cultivation of medical marijuana," see id. at 1179.

By the instant motion, defendant seeks leave to file a motion for reconsideration of the Court's ruling, made at a hearing conducted February 15, 2017, that a defendant, in seeking to enjoin a federal prosecution alleging violation of federal marijuana laws, is required to show by a preponderance of the evidence that he has strictly complied with California's medical marijuana laws.  In so ruling, the Court did not find persuasive defendant's argument that the Court must apply state procedural law as to the burden of proof, specifically, California law requiring a defendant who requests a jury instruction on a medical marijuana defense to show only "a reasonable doubt" that such defendant was "operating in substantial compliance with state law . . . and did not intend to violate state law," upon which showing the government would be required to show "beyond a reasonable doubt that [such] individual was not in substantial compliance with state law and . . . intended to violate state law." (See Def.'s Mem. Re: Burden of Proof, filed January 31, 2017, at 13:5-11; see also id. at 4:10-15, 5:2-5 (citing People v. Orlosky, 233 Cal. App. 4th 257, 269 (2015) and People v. Nochanadel, 176 Cal. App. 4th 997, 1011 (2009)).)

In support of the instant motion, defendant cites to United States v. Silkeutsabay, 2017 WL 766985 (9th Cir. February 28, 2017), which, according to defendant, reflects a "change in law occurring after the time of [the Court's] order." See Civil L.R. 7-9(b) (setting forth grounds on which reconsideration of interlocutory order may be based); Crim L.R. 2-1 (providing Civil Local Rules apply to criminal cases except where inconsistent with federal or local rules of criminal procedure or federal statutes

---

[1] "State Medical Marijuana Laws" are laws of specified states, including California, that "authorize the use, distribution, possession, or cultivation of medical marijuana." See id. at 1175 and n.3.

1  specifically applicable to criminal cases).

2  Defendant's reliance on Silkeutsabay, however, is misplaced. The holding therein
3  does not constitute a change in the applicable law, but, rather, an application of the rule
4  established in McIntosh that a district court looks to state law to determine whether the
5  defendant's conduct is authorized and thus exempt from federal prosecution. See id., at
6  *4 (holding district court erred in finding defendants did not comply with state medical
7  marijuana laws, where district court's finding was based on amount of marijuana seized
8  without considering state law establishing amount of marijuana "designated providers"
9  may lawfully possess). Contrary to defendant's argument, nothing in Silkeutsabay directs
10 federal district courts, when conducting evidentiary hearings under McIntosh, to apply
11 state procedural law, let alone state procedural law applicable to the manner in which a
12 jury is instructed in state court.

13 Accordingly, defendant's motion for leave to file a motion for reconsideration is
14 hereby DENIED.

15 **IT IS SO ORDERED.**

17 Dated: March 20, 2017

MAXINE M. CHESNEY
United States District Judge